## J. M. HENDERSON v. J. J. JONES.

### (No. 3838.)

EVIDENCE — FRAUD.— When evidence is by depositions, and in cases of fraud, the stringency of the rule relating to verdicts is relaxed.

APPEAL from Tarrant county. Opinion by WATTS, J.

STATEMENT.— The record in this case shows that Kempinskey and Jones are brothers-in-law. The former engaged in selling drygoods at Willsville, Mo., the latter selling groceries, queensware and fancy goods at Moberly, Mo. These towns are about fifty miles apart. Kempinskey, at the time of the pretended sale, was largely indebted; in fact was hopelessly insolvent. Several judgments had been rendered against him, and he was being pressed by other creditors. Suddenly he arrived in Moberly with the remnant of his stock, which he pretended he had brought there for the purpose of opening business; but immediately, and without unboxing the goods, Jones pretended to have bought them, and it was so arranged that disinterested per-

sons witnessed the payment of the money by Jones to Kempinskey. The goods were immediately shipped to Ft. Worth, Texas, in the name of Jones. Kempinskey arrived with a most extraordinary power of attorney from Jones, and, accompanied by his former auctioneer, immediately followed the goods and took charge of them at Ft. Worth.

This power of attorney authorized Kempinskey to select the place in Texas for the sale of the goods, and to sell the same, either at retail or in bulk, at private sale or auction, and to employ counsel, etc. Kempinskey had been in Ft. Worth in possession of the goods, selling them as best he could, by retail and in lots, for over one month at the time they were seized by the sheriff. Previous to the pretended sale, Jones had been at Willsville and says he examined the stock. After this suit was instituted Jones transferred this claim for damages to a neighbor and friend of Kempinskey. Other badges of fraud appear in the transcript which it is unnecessary to enumerate.

OPINION.— When the record shows that the evidence passed upon by the court below consisted of the depositions of witnesses residing elsewhere, and that the witnesses were not before the court, then, considering the manner in which these depositions are usually taken, the loose examination and the indifference of the officer in transferring the statements of the witnesses to paper, and the substitution of words by him which he may deem requisite or synonymous with those used by the witnesses. it would seem that the court or jury trying the case would not have any other means for determining the credibility of the witnesses and the weight to be given to their statements than those manifested by the record to the revising court. In this class of cases the revising courts ought to relax the stringent rule applied in other cases, and with greater liberality look to and analyze the evidence upon which the finding of the court below is based.

From a careful examination of the records the conclusion is irresistible that the pretended sale to Jones of the goods by Kempinskey was colorable and made to hinder, delay and defraud creditors, and that Jones knew the intent with which it was made.

We conclude, and so report, that the judgment ought to be reversed, and judgment ought to be rendered by the supreme court that appellee take nothing by his suit and appellants go hence. ·

REVERSED AND RENDERED.